# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES MIMMS,<br>Petitioner, | Civil Action No. 1:08-cv-79 |
| vs. | Barrett, J.<br>Hogan, M.J. |
| HON. HEATHER RUSSELL,<br>Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the Court on the petition (Doc. 2), petitioner's supplements to the petition (Docs. 13, 14), and respondent's return of writ (Doc. 16), to which petitioner has not responded.

On June 7, 2007, petitioner was charged with one count of telecommunication harassment in violation of Ohio Rev. Code § 2917.21, a misdemeanor of the first degree, and aggravated menacing charges from the City of Cincinnati. (Doc. 16). *See State v. Mimms*, Case Nos. 06CRB40350, 06CRB40351, C07CRB20826 (Hamilton County Municipal Court). On July 25, 2007, petitioner was convicted of the charges after a bench trial and sentenced to 372 days incarceration, less credit for 24 days.[1]

Petitioner did not file an appeal from his convictions, nor any motions or petitions for post-conviction relief.

On February 8, 2008, petitioner filed a petition for a writ of habeas corpus in this federal court. He raises the following grounds for relief:

> **GROUND ONE:** My public defender attorney Mr. Wong he knew of my disabled veteran status. Mr. Wong, the prosecutor and Judge Ms. Russell all knew I was 100% total service connected, U.S. Gov. Certified, Classified, incompetent, and suffering a post-traumatic stress disorder, Viet Nam.
>
> **Supporting Facts**: That the charge against me the plaintiff were my V.A.

---

[1] Petitioner was released from incarceration on May 21, 2008.

Disabilities benefits payee and the V.A. payee field Rep. Supervisor. That all parties involved were aware of my mental health conditions. That all parties involved also were aware of the previous in court-out of court payee-veteran [illegible] confrontations and arguments.

**GROUND TWO:** That now I know, that the my lawyer, the prosecutor and the judge all knew that I didn't know, that because of my P.T.S.D. that A.N.G.R.I. plea was available to me.

**Supporting Facts**: That when Mr. Bryan Hale of the Ham. Co. Courts E.M.U. monitoring div. came out to my house knowing that he was going to arrest me, and that he was charging me with not a violation of my probation but a new offense, Mr. Hale never meranderized (sic) my rights too me. He handcuffed me take me out of my house, jailed me and said at that time, his intentions.

**GROUND THREE:** Because I don't understand, how and why, can I truly be prosecuted punished and jailed by the very people who are paid to care for me.

**Supporting Facts**: That Mr. Stuart Frokin my appointed V.A. disabilities benefits payee and the V.A. Payee Supervisor, who when I have problems with my payee the supervisor is too (sic) be there too (sic) settle my all complaints but now he too is a plaintiff and we all are victims of one another.

**GROUND FOUR:** Well I am an honorably decorated discharged disabled American veteran military combat veteran. The Courts and all involved I though, this could have been [illegible].

**Supporting Facts:** That the fact that my a post traumatic stress disorder syndrome and my being classified incompetent, and these mentally stressful conditions is a direct result of my service, training, and true experience in combat of war with my fellow other Americans, fighting with our lives too (sic) defend, protect, and preserve the rights and freedoms and privileges of this our great nation America and them and the people they as now, some kind of consideration of mitigation should have been in order.

(Doc. 2, petition).

Respondent seeks denial of the petition because petitioner has failed to exhaust his state court remedies. Respondent's request is well-taken.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the

2

petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to

3

the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). Under certain circumstances, a district court may "stay the [mixed] petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).[2] Several courts have declined to extend the *Rhines* stay and abeyance procedure to petitions containing entirely unexhausted claims because "stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *United States v. Hickman*, 191 Fed. Appx. 756, 757 (10th Cir. 2006) (citing *Rhines*, 544 U.S. at 277; *Rose*, 455 U.S. at 519). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("We decline to extend [the *Rhines*] rule to the situation where the original habeas petition contained only unexhausted claims"). *Cf. Lynch v. Sheets*, No. 2:08-cv-322, 2008 WL 2835465 (S.D. Ohio July 21, 2008) (Frost, J.) (assuming that *Rhines* stay and abeyance applied, but finding stay inappropriate under facts of the case). It does not appear that the Sixth Circuit has yet addressed this precise issue.

In this case, it is clear that petitioner has not exhausted his state court remedies on any of the claims presented in the petition.[3] Although the thirty-day period for filing a notice of appeal as of

---

[2]The Supreme Court in *Rhines* cautioned that the stay and abeyance procedure is available only in limited circumstances:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ( "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State" ).

544 U.S. at 277.

[3]Petitioner admits in the petition he did not exhaust his state court remedies. (Doc. 2).

4

right has expired, *see* Ohio App. R. 4(A), petitioner may still file a motion for delayed appeal with the First District Ohio Court of Appeals. *See* Ohio App. R. 5(A). Therefore, the petition is subject to dismissal for petitioner's failure to exhaust his state court remedies.

The Court recognizes that the one-year statute of limitations has now expired. *See* 28 U.S.C. § 2244(d). Therefore, dismissal of the petition in its entirety will bar petitioner from re-filing his habeas corpus petition absent any equitable or other tolling. Petitioner has not requested a stay in this case. Even if he had requested a stay and the Court determined that the *Rhines* stay and abeyance procedure applied to petitions containing only unexhausted claims, petitioner has not shown good cause for his failure to exhaust his state court remedies nor that his unexhausted claims are potentially meritorious. *Rhines*, 544 U.S. at 277. Therefore, a stay of this case would not be appropriate in any event.

Requiring petitioner to exhaust the state appeal process will serve the interests of federal-state comity by giving the state courts the opportunity to address petitioner's claims on the merits. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Accordingly, the petition should be dismissed without prejudice on the ground that petitioner has failed to exhaust his available state court remedies.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** without prejudice to refiling after petitioner has exhausted his Ohio remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable

5

whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[4]

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/4/09

KJ

Timothy S. Hogan
United States Magistrate Judge

---

[4] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES MIMMS,
    Petitioner,

vs.

HON. HEATHER RUSSELL,

Civil Action No. 1:08-cv-79

Barrett, J.
Hogan, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **TEN (10) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within **TEN (10) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>James Donald Mimms<br>9870 Wayne Ct<br>Cinti, OH 45215 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4780 |
| PS Form 3811, August 2001 | Domestic Return Receipt 102595-01-M-2509 |

1:08cv7a Doc. 18